IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



WACHOVIA SECURITIES, LLC and
WACHOVIA BANK, N.A.,

Plaintiffs,

v.

Action No. 3:08–CV–226

THOMAS MANN GATES, DONALD
KEMP, CLIFFORD CULLEY, JAMES
SHEEHAN, and BANC OF AMERICA
INVESTMENT SERVICES, INC.,

Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion for Temporary and Preliminary

Injunction (Docket No. 2) by Wachovia Securities, LLC and Wachovia Bank, N.A.

("Wachovia"[1]), who ask the Court to enjoin the defendants – four people who were formerly

employed by Wachovia's Wealth Management division, and those people's new employer,

Banc of America Investment Services, Inc. ("Banc of America"[2]) – from soliciting Wachovia's

---

[1] Gates, Kemp, Culley, and Sheehan allege that they were employed by Wachovia Bank, N.A., not Wachovia Securities, LLC, and thus that any agreement that they executed with Wachovia Securities, LLC does not govern their employment with Wachovia Bank, N.A. As the Court will deny the plaintiffs' Motion and dismiss their Complaint on other grounds, it will not address this issue.

[2] The defendants allege that Gates, Kemp, Culley, and Sheehan are currently employed by Bank of America, N.A., not Banc of America Investment Services, Inc. The Court will refer to their employer as "Banc of America" without addressing this issue, as the Court will deny the plaintiffs' Motion and dismiss their Complaint on other grounds.

1

customers and employees and using the company's confidential information. For the reasons stated in this Memorandum Opinion, the plaintiffs' Motion will be DENIED and their Complaint shall be DISMISSED.

I.

Defendants Thomas Mann Gates, Donald Kemp, and Clifford Culley ("the salespeople") were Relationship Managers in Wachovia's Wealth Management division, marketing the company's services. Defendant James Sheehan was employed as an Investment Strategist, developing investment portfolios for the salespeople's clients. Each of those defendants worked for Wachovia (or a predecessor of the company) for at least six years; Kemp's tenure was twenty-one years. The salespeople signed Registered Representative Agreements ("Agreements") with Wachovia that contain provisions prohibiting them, for one year after they leave the company, from soliciting business from any customer whose account they serviced, or whose name they learned, while they were employed by Wachovia. The salespeople also agreed that information about Wachovia's customers was confidential and belonged to the company. Finally, they agreed that, if they violated – or if Wachovia "reasonably believed" that they were about to violate – their Agreements, they would "consent[] to the issuance by a court of competent jurisdiction ... to a temporary restraining order and/or a preliminary or permanent injunction to prohibit the breach of any provision of this agreement." Pl.'s Compl. at 10. Sheehan did not sign a Registered Representative Agreement.

2

In February and March 2008, each of those defendants resigned and accepted positions with Banc of America. Wachovia alleges that, before they left the company, they engaged in "disloyal activities." Sheehan allegedly "facilitated meetings" between himself, the salespeople, and Gary Gore, an executive for Banc of America, who allegedly persuaded the salespeople to leave Wachovia and solicit their customers to transfer their accounts to Banc of America. Moreover, Wachovia alleges that after the employees left Wachovia, they solicited the company's clients (and other employees, e.g., Karen Buchanan, a Trust Advisor who left Wachovia for Banc of America on April 9, 2008) using information that they obtained while they were working at Wachovia. On March 26, 2008, Wachovia sent cease-and-desist letters to the salespeople, as well as Banc of America.

Unsatisfied with the defendants' response, Wachovia filed suit in this Court on April 15, 2008, claiming that (1) the salespeople are liable for breach of contract; (2) Gates, Kemp, Culley, and Sheehan violated their common-law duty of loyalty and/or their fiduciary duty to Wachovia; (3) Banc of America is liable for aiding and abetting the employees to breach their duty of loyalty; and that all five defendants are liable (4) for misappropriating trade secrets; (5) converting Wachovia's confidential property; (6) engaging in unfair competition; (7) tortiously interfering with Wachovia's business; and (8) conspiring to harm Wachovia's business. Wachovia asked the Court[3] for emergency relief – a temporary restraining order and/or a preliminary injunction prohibiting the defendants from engaging

[3] Wachovia alleges that the parties are bound by rules of conduct promulgated by the Financial Industry Regulatory Authority, which require them to submit their disputes to arbitration – but permit them to seek preliminary injunctive relief from a court while an arbitrator evaluates the merits of the disputes.

3

in the activities described in Wachovia's Complaint, and from destroying documents in the defendants' possession that relate to the subject of this suit.

II.

A preliminary injunction[4] is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." In re Premier Automotive Servs., Inc., 492 F.3d 274, 284 n.2 (4th Cir. 2007). A court deciding whether to grant a preliminary injunction must consider "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits [of its claim]; and (4) the public interest." United States Dept. of Labor v. Wolf Run Mining Co., 452 F.3d 275, 280 (4th Cir. 2006) (citing Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193–94 (4th Cir. 1977); see Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (specifying that the plaintiff must be likely to suffer "actual and imminent" irreparable harm). The party seeking the preliminary injunction bears the burden of proving that each factor supports granting relief. Direx Israel, Ltd., 952 F.2d at 812.

---

[4] A temporary restraining order may be entered without notice to the burdened party and may last, at most, twenty days. See Fed. R. Civ. P. 65(b). A preliminary injunction may be entered only after the burdened party is given notice, and it may last indefinitely. See id. 65(a). Otherwise, the two forms of relief are indistinguishable and are governed by the same principles. See United States Dept. of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006).

4

According to the Fourth Circuit,[5] if a party clearly shows that a preliminary injunction is necessary to prevent irreparable injury, a court must weigh that harm against the harm that the defendant will suffer if injunctive relief is granted. Id. Then, if "the balance tips decidedly in favor of the plaintiff," the court must decide whether the plaintiff's claims merit further investigation. Id. at 812–13; see Scotts Co., 315 F.3d at 271 (stating that, if the balance of hardships favors the plaintiff, it is necessary only for the plaintiff's claim to pose "substantial" and "difficult" questions). If the balance of harms does not strongly favor the plaintiff, however, a stronger showing that the plaintiff is likely to succeed on the merits of its claims is necessary. Direx Israel, Ltd., 952 F.2d at 813 (citing an opinion describing this approach as a "sliding scale").

Wachovia has failed to show that it is likely to suffer irreparable harm if the Court does not grant its request for relief. First, Wachovia's allegations of wrongdoing are not supported by credible evidence. To support their claims, the plaintiffs submitted a declaration by Michael Dearden, a Senior Vice President of Wachovia Bank, N.A., but the allegations in that declaration are speculative. The plaintiffs have not identified any accounts that were transferred from Wachovia to Banc of America as a result of the efforts of

---

[5] The Supreme Court has not specified the order in which a court should analyze those factors, nor the weight it should give them. See Globe Nuclear Svcs. & Supply, Ltd. v. AO Techsnabexport, 376 F.3d 282, 287 (4th Cir. 2004). In some decisions, the Fourth Circuit has declared that the first two factors – the "balancing of harms" test – are the most important, see, e.g., Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991), but it has recently cautioned in dicta that emphasizing those factors is contrary to Supreme Court precedent, see Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002) (suggesting that a court should focus on the likelihood that the plaintiff will succeed on the merits of its claim).

Gates, Kemp, or Culley – or a single customer whose business any of the defendants tried to solicit, successfully or unsuccessfully. Nor have the plaintiffs shown that Banc of America has engaged in any wrongful activity: it is entitled to attract, or attempt to attract, its competitors' employees and customers. Moreover, even if the Court accepted the plaintiffs' claim that the defendants conspired to harm Wachovia by "orchestrat[ing] a plan to 'raid' Wachovia's Wealth Management's Richmond office," Dearden Decl. at 13, the damage has been done: Gates, Kemp, Culley, and Sheehan are now employed by another bank, and their customers are aware of that fact. Since injunctive relief addresses imminent injury, not harm that occurred in the past (and Wachovia has not identified any other employees who are likely to defect), issuing an injunction would not be appropriate. Finally, the parties represent that they will submit this dispute to an arbitrator, in accordance with binding rules promulgated by the Financial Industry Regulatory Authority, and that this dispute will be resolved swiftly, in approximately two weeks. Since a venue in which the plaintiffs may air their grievances is available, the Court concludes that Wachovia is not likely to be irreparably harmed if its Motion is denied.

In contrast, the defendants would likely be harmed if the Court issued an injunction. They would be prohibited from engaging in legitimate commercial activities – namely, attracting and accepting business. Since the balance of harms does not strongly favor the plaintiffs, they must demonstrate convincingly that they are likely to prevail on the merits of their claims. But, as explained above, Wachovia's allegations in this matter are based largely on speculation. The plaintiffs have not identified any customers who transferred their

accounts to Banc of America as a result of the defendants' alleged activity, nor have they provided any compelling proof of any other wrongdoing by the defendants. Accordingly, the Court finds that the plaintiffs' Complaint does not pose "substantial" and "difficult" questions, and that the plaintiffs' claims are not "fair ground for litigation." See Scotts Co., 315 F.3d at 271.

Finally, the Court finds that granting the relief requested by Wachovia would not serve the public interest. Wachovia attempted to frame its request narrowly, asking only for an order prohibiting the defendants from soliciting business from the customers that Gates, Kemp, Culley, and Sheehan served at Wachovia, without seeking to stop them from attracting other customers, but Wachovia may not prevent a competitor from accepting business from Wachovia's customers, and the Court will not enforce the salespeople's agreements with Wachovia in a way that affects the company's customers, who were not parties to those agreements. The people whom Gates, Kemp, Culley, and Sheehan served are free to maintain their relationships with those defendants, even if doing so means transferring their accounts to another financial institution. Granting the relief requested by the plaintiffs would restrict those customers' choices, and thus would not serve the public interest.

Thus, the Court concludes that the plaintiffs have failed to carry their burden of proof on any of the four Blackwelder elements, and accordingly that injunctive relief is not appropriate.

7

## III.

For the reasons stated above, the plaintiffs' Motion will be DENIED and their

Complaint shall be DISMISSED.  It will be SO ORDERED.

/s/
_____
James R. Spencer
Chief United States District Judge

ENTERED this 21st day of April 2008

8